**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angela Nails, | No. CV-23-02374-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| National University, et al., | |
| Defendants. | |

Plaintiff Angela Nails ("Plaintiff") has filed an Application to Proceed in District Court Without Prepaying Fees or Cost (Doc. 2). Upon review, Plaintiff's Application, signed under penalty of perjury, indicates that she is financially unable to pay the filing fee. The Court will grant Plaintiff's Application and allow her to proceed *in forma pauperis* ("IFP"). Pursuant to 28 U.S.C. § 1915(e)(2), the Court will proceed to screen Plaintiff's Complaint (Doc. 1).

**I.     Legal Standard**

The determination that Plaintiff may proceed IFP does not end the inquiry under 28 U.S.C. § 1915. When a party has been granted IFP status, the Court must review the complaint to determine whether the action:

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).[1] In conducting this review, "section 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). Rule 8(a) of the Federal Rules of Civil Procedure requires that:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S.

---

[1] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, §1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints[.]"); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.") (citation omitted). Therefore, section 1915 applies to this non-prisoner IFP complaint.

[2] "Although the *Iqbal* Court was addressing pleading standards in the context of a Rule 12(b)(6) motion, the Court finds that those standards also apply in the initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A since *Iqbal* discusses the general pleading standards of Rule 8, which apply in all civil actions." *McLemore v. Dennis Dillon Automotive Group, Inc.*, 2013 WL 97767, at *2 n. 1 (D. Idaho Jan. 8, 2013).

at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id*. at 557.

The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). That rule does not apply, however, to legal conclusions. *Iqbal*, 556 U.S. at 678. The Court is mindful that it must "construe *pro se* filings liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

## II.   Statutory Screening

Plaintiff has filed suit against Defendant North Central University (the "University"); Unknown Party named as Professor Cory; Defendant Melodi Guilbault; and Defendant Loan Science LLC. (Doc. 1 at 1). Plaintiff states she was enrolled in a doctorate-level business program at the University and had five courses remaining "until completion and having a finial [sic] degree." (*Id*.) Plaintiff transferred from the business program "into the education department degree program for Education K–12." (*Id*.) Plaintiff represents that, after completing the first education department course and before enrolling in the second education department course, her financial history showed her tuition balance was $12,000 for two business courses and one education department course. (*Id*.) Plaintiff states she did not receive any financial aid because "students cannot change to a new degree program career when there is a financial aid statement balance owing[.]" (*Id*.) Plaintiff alleges "she was not given the proper reviews nor [were] there any refunds." (*Id*.)

Plaintiff claims the University "owes the return of funding to title IV and [Plaintiff] a refund." (*Id*.) Plaintiff further claims she "has been harmed by North Central University" because she "is not able to attend future educational program courses and is forced to sign a balance repayment." (*Id*. at 2). For relief, Plaintiff seeks "compensation, punitive and harassment the damages $150,000.000.00" and "[o]ther civil damages $250.000.000.00." (*Id*.)

The only cognizable legal claim the Court can glean from Plaintiff's convoluted allegations is one arising under "title IV." (Doc. 1 at 1). Although Plaintiff does not tie her "title VI" reference to any specific statute, the Court will liberally construe Plaintiff's claim for financial aid under Title IV of the Higher Education Act of 1965, 20 U.S.C. § 1070 (2000), *et seq.* ("HEA").[3] Title IV of the HEA "assist[s] in making available the benefits of postsecondary education to eligible students . . . in institutions of higher education" through federal grants, loans, and financial-assistance programs. 20 U.S.C. § 1070. "Congress created the Title IV programs to foster access to higher education." *Ass'n of Private Sector Colls. and Univs. v. Duncan*, 681 F.3d 427, 435 (D.C. Cir. 2012). The Secretary of Education is given wide-ranged authority to enforce the provisions of the HEA, which includes administration of the Tile IV programs. 20 U.S.C. §§ 1082, 1070(b); *see also Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484–85 (9th Cir. 1995).

Apart from not receiving financial aid for her two business courses and one education department course, Plaintiff does not allege how the University—or any other named Defendant—has violated Title IV of the HEA much less identify any particular provision of the HEA. Regardless of these deficiencies, the Ninth Circuit has clarified that "there is no express right of action under the HEA except for suits brought by or against the Secretary of Education." *Parks Sch. of Bus.*, 51 F.3d at 1484 (citing 20 U.S.C. § 1082(a)(2)). Plaintiff is therefore barred as a matter of law from bringing an HEA action against the University, Unknown Party named as Professor Cory, Defendant Melodi Guilbault, or Defendant Loan Science LLC. Because Plaintiff cannot bring any claims against the named Defendants under the HEA, any amendment to her Complaint would be futile and this action should be dismissed with prejudice.

///

///

---

[3] A claim under the HEA presumably invokes the Court's federal question jurisdiction. *See* 28 U.S.C. § 1331 (federal courts "have original jurisdiction of all civil actions arising under" federal law).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants North Central University, Unknown Party named as Professor Cory, Melodi Guilbault, and Loan Science LLC under Title IV of the Higher Education Act of 1965, 20 U.S.C. § 1070 (2000), are **DISMISSED with prejudice.** The Clerk of Court is kindly directed to terminate this matter accordingly.

Dated this 18th day of January, 2024.

Honorable Diane J. Humetewa
United States District Judge